UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DORSEY BELLANGER

VERSUS

H & E HEALTHCARE, L.L.C.
d/b/a FLANNERY OAKS GUEST
HOUSE

CIVIL ACTION

NO. 10-0667-BAJ-DLD

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court pursuant to a Motion for Summary Judgment filed on behalf of Defendant, H & E Healthcare, L.L.C. d/b/a Flannery Oaks Guest House ("Defendant" or "Flannery Oaks") (doc. 7). Plaintiff, Dorsey Bellanger ("Plaintiff"), opposes Defendant's motion (doc. 9). Jurisdiction is based on 28 U.S.C. § 1331.

**BACKGROUND**

For the purposes of this present Motion for Summary Judgment, the facts set forth in the Defendant's Statement of Uncontested Material Facts (doc. 7-2) are deemed admitted to the extent that the facts are not controverted by the Plaintiff's Statement of Material Facts (doc. 9-1) as required by LR 56.2.[1]

---

[1]LR 56.2 provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

Defendant owns and operates the nursing home at which Plaintiff was employed from December 1, 2005, until June 17, 2010, when she was terminated for excessive absences (docs. 7-1, p.1; 9, p.1). Prior to her termination, Plaintiff was promoted to the position of Activities Director for the nursing home on or about April 16, 2010 (docs. 7-1, p.2; 9, p.3). Plaintiff did not immediately start her new position because she had arranged to have a cosmetic surgical procedure commonly referred to as a "tummy tuck" (*hereinafter* "cosmetic surgery") on April 29, 2010 (doc. 7-1, p.3). In the last six months of her employment, Plaintiff had previously been absent from work on unpaid leave on the following occasions:

1. January 19-21, 2010, for dental work.
2. February 17, 2010, for dental work.
3. February 22, 2010, for dental work.
4. March 9-23, 2010, for breast reduction surgery.
5. April 7, 2010, for a doctor's office visit.
6. On or about, April 19, 2010, for a doctor's office visit. (Doc. 7-2, ¶¶ 8–12, 14).

After undergoing the cosmetic surgery on April 29, 2010, Plaintiff had a hysterectomy on May 26, 2010 (docs. 7-2, ¶¶ 20, 23; 9, p.3). Plaintiff was absent from work from April 29, 2010, until her employment was terminated on June 17, 2010 (docs. 7-1, p.3; 9, p.3). Plaintiff claims that her leave during this last period was covered by the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA") (doc. 1-2, ¶ 8; 9, p.3). Plaintiff alleges that she was wrongfully terminated for

excessive absenteeism in violation of the FMLA's anti-retaliation and anti-interference provisions (doc. 1-2, ¶¶ 19–20).

## DISCUSSION

**Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**Interference under the FMLA**

"To make a prima facie case for interference with FMLA rights, a plaintiff must first demonstrate that her leave was protected under the FMLA." *Ford-Evans v. United Space Alliance, LLC*, 329 Fed. Appx. 519, 523 (5th Cir. 2009) (unpublished). An employee is eligible for FMLA leave if the employee has "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612 (a)(1)(D). An employee has a serious health condition if there is "an illness, injury, impairment or physical or mental condition that involves inpatient care . . . or continuing treatment by a health care provider." 29 C.F.R. § 825.113.

Treatments for cosmetic procedures are not serious health conditions unless complications develop from the procedure or inpatient hospital care is required. *Id*. Plaintiff has not alleged inpatient care or complications related to the cosmetic surgery performed on April 29, 2010. She alleges complications only from the hysterectomy procedure. The Court concludes that Plaintiff has not alleged sufficient facts to raise a genuine issue of material fact as to whether the cosmetic surgery was subject to FMLA coverage.

On the other hand, the Court finds that Plaintiff has alleged facts sufficient to raise a genuine question of material fact as to whether the hysterectomy performed on May 26, 2010, was a serious medical condition entitled to coverage under the FMLA. Plaintiff has provided medical records, evidence of insurance coverage for the procedure, and an "Initial Disability Claim Form" signed by her treating physician,

Dr. Schwartzenburg, acknowledging that she was under his care and could not return to work until July 6, 2010 (doc. 9-6). Evidence of a serious medical condition is not sufficient, however, to establish entitlement rights under the FMLA.

29 USC § 2612 (e)(2) provides:

In any case in which the necessity for leave . . . is foreseeable based on planned medical treatment, the employee--

**(A)** shall make a reasonable effort to schedule the treatment so as not to disrupt unduly the operations of the employer, subject to the approval of the health care provider of the employee or the health care provider of the son, daughter, spouse, parent, or covered servicemember of the employee, as appropriate; and

**(B)** shall provide the employer with not less than 30 days' notice, before the date the leave is to begin, of the employee's intention to take leave under such subparagraph, except that if the date of the treatment requires leave to begin in less than 30 days, the employee shall provide such notice as is practicable.

Plaintiff must have given timely notice of the intent to take time off. Per the FMLA and Defendant's own internal procedures, when the employee cannot provide 30 days advance notice of the need for FMLA leave, notice "as is practicable" is required. *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 764 (5th Cir. 1995); *see also* 29 U.S.C. § 2612; doc. 7-1, p.9 (Defendant's FML Policy). According to the Fifth Circuit:

What is practicable, both in terms of the timing of the notice and its content, will depend upon the facts and circumstances of each individual case. The critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition.

*Manuel*, 66 F.3d at 764.

Defendant admits it was aware that Plaintiff was planning to undergo a hysterectomy during her approved, scheduled unpaid leave between April 29, 2010, and June 10, 2010 (doc. 7-1, pp. 6–7). In addition to the allegations in the complaint and in Plaintiff's deposition, Plaintiff has produced the affidavit of a co-employee, Tammy Reine, stating "it was common knowledge that Dorsey Bellanger was going to have a tummy tuck and hysterectomy . . . and [Plaintiff] was requesting FML for these surgeries" (doc. 9-9, ¶¶ 9–10). Based on the foregoing, a material question of fact exists as to whether Plaintiff provided adequate, timely notice as required under the FMLA and Defendant's internal policies.

As explained in *Manuel*, there are procedural safeguards in place to protect employers from abuses of the FMLA. *Manuel*, 66 F.3d at 763. Employers may require that the employee provide certification of the potentially FMLA-qualifying condition from a physician. *Id*. at 763–64; 29 U.S.C. § 2613. The Defendant's employee handbook states that "[a] health care provider's statement must be submitted verifying the need for medical leave and its beginning and expected ending dates" (doc. 7-4, p.2). The handbook does not, however, describe the required form of the statement. The handbook also does not describe when the statement is due. Defendant admits that plaintiff "submitted a letter signed by a nurse at the offices of Dr. Edward Schwartzenburg" on June 10, 2010 (doc. 7-1, p. 4). A genuine

question of material fact exists as to whether the "disability claim form" signed by Plaintiff's physician and dated June 9, 2010, satisfies the requirements of a "health care provider's statement" necessary for medical leave as required by the Defendant's employee handbook.

Because material questions of fact exist as to whether Plaintiff is an eligible employee under the FMLA, at least with respect to the hysterectomy, dismissal of Plaintiff's interference claim is improper.

For the foregoing reasons, the motion shall be denied insofar as Defendant seeks summary judgment dismissing Plaintiff's claims of interference under the FMLA.

**Retaliation under the FMLA**

The *McDonnell-Douglas* burden shifting framework is used to analyze retaliation claims under the FMLA. *See Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 768 (5th Cir. 2001). Under this framework, Plaintiff must first establish a prima facie showing of retaliation under the FMLA. This step requires Plaintiff to show that she (1) is protected under the FMLA, (2) suffered an adverse employment decision, and either (3a) was treated less favorably than an employee who had not requested leave under the FMLA, or (3b) suffered the adverse decision because she took FMLA leave. *Id.* Once a prima facie case is made, the burden shifts to the employer to articulate a legitimate, nonretaliatory reason for the adverse employment action. *Id.* Once the employer has done so, the plaintiff must show that the employer's reason is a pretext for retaliation. *Id.*

For the purposes of this present motion, this Court assumes, without deciding, that Plaintiff has established a prima facie showing of retaliation. Plaintiff cannot show, however, that Defendant's legitimate and non-retaliatory reasons for terminating her employment are pretextual.

Defendant articulates two primary reasons for terminating Plaintiff's employment. First, Plaintiff was allegedly fired because of "excessive absenteeism" (doc. 7-1. p.1). Second, Plaintiff was fired because she failed to return from her unpaid leave on the day she was scheduled to begin her position as Activities Director at the nursing home (doc. 7-1, p.14). Both of the rationales for Plaintiff's termination provide legitimate cause for terminating an at-will-employee's position.

Once the Defendant satisfies the burden of production, Plaintiff must "show by a preponderance of the evidence that the reasoning presented by the defendant is a pretext for retaliation." *Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 584 (5th Cir. 2006). Plaintiff has not provided competent summary judgment evidence to rebut the nonretaliatory reasons given for the adverse employment action. Plaintiff primarily relies on her own conclusory allegations to challenge Defendant's proffered explanation. The Fifth Circuit has repeatedly held that conclusory statements and self-serving allegations will not defeat a motion for summary judgment. *See id.*; *Smith v. Southwestern Bell Telephone Co.*, No. 11–10507, 2012 WL 28256, at *3 (5th Cir. Jan. 5, 2012) (unpublished). Plaintiff has offered no other evidence to show that Defendant's justifications for her termination are pretextual or that they

were a motivating factor in the adverse employment decision. *See Richardson v. Monitronics Intern., Inc.*, 434 F.3d 327 (5th Cir. 2005).

Accordingly, the Court concludes that Plaintiff has not met her burden under the *McDonnell-Douglas* framework and summary judgment dismissing her claims of retaliation under the FMLA is proper.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion is GRANTED insofar as Defendant seeks summary judgment dismissing Plaintiff's claims for failure to provide coverage for her cosmetic surgery, and for retaliation under the Family Medical Leave Act. Defendant's Motion for Summary Judgment is DENIED insofar as it seeks to dismiss Plaintiff's claim for failure to provide coverage pursuant to the FMLA for her hysterectomy procedure.

Baton Rouge, Louisiana, September 19, 2012.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA